# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIELLA RODRIGUEZ-SANCHEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:25-cv-00146 |
| | § | |
| BANK OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

## BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, Defendant Bank of America, N.A. ("BANA" or "Defendant") removes this action from the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

## I.   STATE COURT ACTION

1. On January 6, 2025, Plaintiff Gabriella Rodriguez-Sanchez ("Plaintiff") filed her Emergency Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint") styled *Gabriella Rodriguez-Sanchez v. Bank of America*; Cause No. 2025CI00247, in the 150th Judicial District Court of Bexar County, Texas ("State Court Action"). Therein, Plaintiff asserts claims related to the foreclosure of the real property commonly known as 5619 Spring Moon St., San Antonio, Texas 78247-1976 (the "Property").

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 150th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff seeks injunctive relief, damages, and costs based upon causes of action asserting violations of the Texas Property Code, Texas Business and Commerce Code, and Texas Finance Code.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 150th Judicial District Court of Bexar County, Texas and obtained by Defendant are attached hereto. In support of this removal and as required by Local Rule, please find attached as follows:

**Exhibit A:** State Court File;

**Exhibit B:** State Court Civil Docket Sheet;

**Exhibit C:** Civil Cover Sheet;

**Exhibit D:** Supplement to Civil Cover Sheet; and

**Exhibit E:** Bexar County Appraisal District 2024 Valuation of the Property.

## II. TIMELINE FOR NOTICE OF REMOVAL

5. Defendant Bank of America, N.A. was served in this action on January 28, 2025 via certified mail. Less than thirty (30) days have passed since Defendant was served notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. The Court has original jurisdiction over this action pursuant to §1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.00

### a. Diversity of Citizenship

7. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that defendant is diverse from Plaintiff.

10. Plaintiff is an individual, and an individual is a citizen of the place in which he/she is domiciled. *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, F.3d 444, 448 (5th Cir. 2003) (stating that citizenship of a person is based on domicile, i.e., where an individual resides and intends to remain). Plaintiff was the record owner of the subject real property and received mail there as well. *See generally*, Complaint. Accordingly, Plaintiff is a citizen of the Texas for diversity purposes.

11. Defendant BANA is a citizen of North Carolina because that is the location of its articles of association establish as its main office. See 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set for in its article of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-CV-804GE, 2006 WL 1518874, at 1* (N.D. Ga. May 30, 2006) ("Bank of America, N.A….is a national banking association located in the State of North Carolina, as designated in its articles of association.").

12. Because Plaintiff is a citizen of the State of Texas and Defendant is a citizen of North Carolina, complete diversity of citizenship exits. Accordingly, this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

### b. Amount in Controversy Exceeds $75,000.00

13. Although Plaintiff's Petition does not specifically allege the amount in controversy, it is clear from review of the Petition and the evidence attached hereto that the amount in controversy exceeds $75,000.00

14.     The Petition seeks declaratory relief and damages related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15.     The most recent tax appraisal for the Property valued it at $257,470.00.[1] This alone satisfies the $75,000.00 requirement. See *Griffin*, 2010 WL 4781297 at *3 (considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent

---

[1] *See* Exhibit E, Bexar County Appraisal District valuation for the Property for 2024.

on the face of Plaintiff's Petition that the amount in controversy more likely than not exceeds $75,000.00

## IV.   VENUE

16.   Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V.   CONCLUSION

Defendant Bank of America, N.A. removes this action from the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By:   /s/ *Robert D. Forster, II*
Robert D. Forster, II
State Bar No. 24048470
**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
Telephone: (972) 340-7948
Facsimile: (972) 3410-0734
Robertfo@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and I certify that a true and correct copy was served on all parties of record on this the 12th day of February, 2025.

**Via CM/RRR**
**And Via Regular Mail**
Gabriella Rodriguez-Sanchez
5619 Spring Moon St.
San Antonio, Texas 78247-1976

**PRO SE PLAINTIFF**

                                              */s/ Robert D. Forster, II*
                                              Robert D. Forster, II