IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIELLA RODRIGUEZ-SANCHEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-25-CA-000146-FB |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ACCEPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket no. 22) recommending that Plaintiff's Application for Emergency Temporary Restraining Order (docket no. 10) be denied as moot in part and denied without prejudice in part, along with Plaintiff's written objections (docket no. 33) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Plaintiff's submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

The Court agrees with the Magistrate Judge that, with regard to the request for relief to prevent the foreclosure sale and purchase of the property, Plaintiff cannot show a likelihood of success because the property has already been sold, thus rendering Plaintiff's request is moot. *See* (R&R [docket no. 22] at 3) (citing *Washington v. Nationstar Mtg., LLC*, No. 21-1716, 2022 WL 93617 (E.D. La. Jan. 10, 2022) (denying request for injunctive relief as moot "because the date of the foreclosure sale ha[d] already passed")). With regard to Plaintiff's request for relief to prevent Defendant from interfering with her possession of the property, the Court further agrees with the Magistrate Judge that Plaintiff cannot show a likelihood of irreparable harm because Defendant, who purchased the foreclosed property, has represented to the Court that it will refrain from either recording the purchase or initiating eviction proceedings until the conclusion of this litigation. (*Id.*) (citing docket no. 20-1, at 4.) Accordingly, Plaintiff's request for temporary injunctive relief shall be denied as moot with regard to the sale of the property, and denied without prejudice with regard to her possession of the property.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 22) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Application for Emergency Temporary Restraining Order (docket no. 10) is DENIED as MOOT IN PART and DENIED WITHOUT PREJUDICE IN PART. Specifically, Plaintiff's request for temporary

injunctive relief is DENIED as MOOT with regard to the sale of the property, and DENIED WITHOUT PREJUDICE with regard to her possession of the property. This case continues to be referred to the Magistrate Judge for further pretrial proceedings.

    It is so ORDERED.

    SIGNED this 18th day of November, 2025

                                            FRED BIERY
                                            UNITED STATES DISTRICT JUDGE