UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GABRIELLA RODRIGUEZ-SANCHEZ,    §
                                §
        Plaintiff,              §
                                §
v.                              §        SA-25-CV-146-FB (HJB)
                                §
BANK OF AMERICA, N.A.,           §
                                §
        Defendant.              §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Amended Motion for Temporary Restraining Order ("TRO") (Docket Entry 47).  Pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1).  (Docket Entry 4.)  For the reasons set out below, I recommend that Plaintiff's motion be **DENIED**.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021).  To be entitled to such relief, the movant must clearly establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction [or TRO] will not disserve the public interest." *Id.* at 645 (citing *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013)).  If the movant "fails to meet any of the four requirements, the court cannot grant the TRO or preliminary injunction." *Greer's Ranch*, 540 F. Supp. 3d at 645.

On January 23, 2026, the undersigned issued a Report and Recommendation to the District Court concluding that Plaintiff had failed to state any claim for which relief could be granted, and

recommending that the case be dismissed with prejudice in part and without prejudice in part. (Docket Entry 42.)  Neither party objected to the Report and Recommendation.

Because Plaintiff has failed to state a plausible claim for relief in her complaint, she is unable to clearly establish a substantial likelihood of success on the merits.  Her failure to meet this requirement means that "the court cannot grant the TRO."  *Greer's Ranch*, 540 F. Supp. 3d at 645; *see Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (explaining that movant "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order . . . can be granted"); *Ehimare v. Barr*, 499 F. Supp. 3d. 303, 305 (N.D. Tex. 2020) ("TRO must be denied because [the movant] has failed to show a substantial likelihood of success on the merits.").

For the reasons discussed above, I recommend that Plaintiff's Amended Motion for Temporary Restraining Order (Docket Entry 47) be **DENIED**.

### Notice and Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered."  *Williams*

2

*v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on March 4, 2026.

Henry J. Bemporad
United States Magistrate Judge