IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GABRIELLA RODRIGUEZ-SANCHEZ, §
§
*Plaintiff*, §
§
V. § CIVIL ACTION NO. SA-25-CA-000146-FB
§
BANK OF AMERICA, N.A., §
§
*Defendant*. §

## ORDER ACCEPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Reports and Recommendations of United States Magistrate Judge. (ECF Nos. 42 & 48). ECF No. 42 concerns Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 6), which the Court construes as a motion for judgment on the pleadings. ECF No. 48 concerns Plaintiff's Amended Motion for Temporary Restraining Order (ECF No. 47). Also before the Court is Plaintiff's Response of Order Accepting Report and Recommendation (ECF No. 52,) which the Court construes as objections to the Reports and Recommendations. To date, the Court has not received objections from Defendant.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Plaintiff's submission in light of the entire record.  As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections.  After due consideration, the Court concludes the objections lack merit.

This case arises out of Defendant's attempted foreclosure sale of residential property.  As discussed by Magistrate Judge Henry J. Bemporad, while Plaintiff purports to assert claims under Texas's Property Code, Business and Commerce Code, and Finance Code, she identifies sections allegedly violated only under the latter—Texas Finance Code §§ 392.301(8), 392.303, and 392.304. (See Docket Entry 1-1, at 5–6.) Plaintiff specifically cites to subsection (8) of § 392.301, but she does not cite any of the myriad specific subsections of §§ 392.303 or 392.304. Nor does she allege any facts that would enable the Court to infer which subsections she may have had in mind. Thus, Plaintiff fails to allege plausible claims under the Property Code, the Business and Commerce Code, or Finance Code §§ 392.303 or 392.304. All these claims will be dismissed without prejudice. *See Whitfield v. American Express Nat'l Bank*, No. SA-24-CV-81-JKP, 2024 WL 1543236, at *2 (W.D. Tex. Apr. 9, 2024) (explaining that dismissal should be without prejudice "when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal [wa]s sought"); *cf. Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend

[her] complaint before it is dismissed" unless she "has already pleaded [her] best case.") (citation modified).

Plaintiff's remaining claim, under § 392.301(8), requires non-conclusory factual allegations from which the Court can reasonably infer that Defendant tried to collect a debt by "threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(8). The factual allegations Plaintiff makes do not support such an inference. Plaintiff alleges that Defendant initiated foreclosure proceedings "while she was not the 120 days or four months behind on her mortgage payments as *required by law*." (ECF No. 1-1, at 5 (emphasis added)). But she cites no such law stating this requirement. And none of the provisions she cites from the Texas Finance Code impose such a restriction. Plaintiff also alleges that Defendant never produced "requested documents to verify . . . the amounts owed." (ECF No. 1-1, at 4).  But she never alleges what those documents were, when she requested them, what they would have shown, or why Defendant's failure to produce them would be a violation of § 392.301(8). This claim will also be dismissed without prejudice. *See Whitfield*, 2024 WL 1543236, at *2.

Plaintiff also alleges that she requested but never received "the Original Note." (ECF No. 1-1, at 4).  However, Texas law does not "require[] a foreclosing party to prove its status as 'holder' or 'owner' of the Note or the original of the Note prior to foreclosure." *Hu v. Stewart*, No. 4:20-CV-294, 2021 WL 308975, at *4 (S.D. Tex. Jan. 29, 2021) (quoting *Morlock v. Nationstar*, LLC, 447 S.W.3d 42, 47 (Tex. App.–Houston [14th Dist.] 2014, pet. denied), *aff'd sub nom. Hu v. NewRez, L.L.C.*, No. 21-20112, 2022 WL 613155 (5th Cir. Mar. 2, 2022). "A mortgagee 'may enforce the deed of trust even if it is not the owner and holder of the note or of the original of the note.'" *Id.* (quoting *Morlock*, 447 S.W.3d at 47); *see Morlock, LLC v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.–Houston [1st Dist.] 2014, pet. denied).  In sum, "[t]here is no 'show me the note' requirement under Texas law." *Hu*, 2021

WL 308975, at *4 (quoting *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 254 (5th Cir. 2013)).

And, even if there were, Defendant has attached the original note to its motion, confirming that it is, in fact, the holder of the original note. As Plaintiff made specific references to "the Original Note" and asserted that Defendant cannot foreclose on the property unless it holds said note (ECF No. 1-1, at 5-6), the note attached to Defendant's motion may be considered as "part of the pleadings," *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Regardless, dismissal is required whether or not the note is considered. Accordingly, these assertions therefore likewise fail to state a plausible claim for relief, and any claims predicated on this legal theory will be dismissed with prejudice. *See Whitfield*, 2024 WL 1543236, at *2 (explaining that "amendment would be futile" where claims rest on a meritless legal theory). For the reasons discussed above and in the Report and Recommendation, Defendant's motion to dismiss (ECF No. 6), construed as a motion for judgment on the pleadings, is granted in part and denied in part.

The Court now turns to Plaintiff's Amended Motion for Temporary Restraining Order ("TRO") (ECF No. 47). Because Plaintiff has failed to state a plausible claim for relief in her complaint, she is unable to clearly establish a substantial likelihood of success on the merits. Her failure to meet this requirement means that "the court cannot grant the TRO." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021); *see also Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (explaining that movant "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order . . . can be granted"); *Ehimare v. Barr*, 499 F. Supp. 3d. 303, 305 (N.D. Tex. 2020) ("TRO must be denied because [the movant] has failed to show a substantial likelihood of success on the merits."). For the reasons discussed above and in the Report

and Recommendation, Plaintiff's Amended Motion for Temporary Restraining Order (ECF No. 47) is denied.

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 42) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendant's Rule 12(b)(6) Motion to Dismiss and Brief in Support (ECF No. 6), construed as a motion for judgment on the pleadings, is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE IN PART and DISMISSED WITHOUT PREJUDICE IN PART. Specifically, any claims predicated on the frivolous legal theory that Defendant cannot foreclose on the property without holding or producing the original note are DISMISSED WITH PREJUDICE. Otherwise, this case is DISMISSED WITHOUT PREJUDICE and Plaintiff shall be given an opportunity to seek leave to file an amended complaint to address the deficiencies identified in the Report and Recommendation and try to state a plausible claim.

IT IS FINALLY ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 48) is ACCEPTED such that Plaintiff's Amended Motion for Temporary Restraining Order (ECF No. 47) is DENIED. This case remains referred to Judge Bemporad for further pretrial proceedings.

It is so ORDERED.

SIGNED this 3rd day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE