IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIELLA RODRIGUEZ-SANCHEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-25-CA-000146-FB |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 63) concerning the request for a temporary restraining order ("TRO") in a document Plaintiff filed entitled "Plaintiff's Amended Complaint, TRO, and Court Appointed Counsel" (ECF No. 62), along with Plaintiff's written objections (ECF No. 66) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Plaintiff's submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

As set forth in the Report and Recommendation, an application for a temporary restraining order ("TRO") in the Western District of Texas must be made "in an instrument separate from the complaint." W.D. TEX. LOC. R. CV-65. For that reason alone, Plaintiff's TRO request must be denied. But even on the merits, Plaintiff's request must be denied. A TRO "is an extraordinary remedy," *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985), which must not issue unless the movant clearly establishes: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction [or TRO] will not disserve the public interest." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021) (citing *Daniels Health Scis., LLC v. Vascular Health Scis*., LLC, 710 F.3d 579, 582 (5th Cir. 2013)). And carrying that heavy burden "requires evidence." *Riesen v. Madison Springfield Inc.*, No. 1:26-CV-853, 2026 WL 1999683, at *3 (W.D. Tex. May 29, 2026).

This is Plaintiff's second TRO request. *See* (ECF No. 10). Moreover, Plaintiff has not submitted any evidence in support of her request. *See* (ECF No. 62). Additionally, Plaintiff's argument in support of a TRO is limited to a single paragraph. (*Id.* at 1). This Court agrees with United States Magistrate Judge Henry J. Bemporad that this is insufficient to justify the extraordinary remedy Plaintiff seeks. Accordingly, the Report and Recommendation will be accepted and Plaintiff's request for a TRO in her Amended Complaint, TRO, and Court Appointed Council will be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (ECF No. 63) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's request for a temporary restraining order in her "Amended Complaint, TRO, and Court Appointed Council" (ECF No. 62) is DENIED.

It is so ORDERED.

SIGNED this 26th day of October, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE